U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT -4  AM 10: 52

LORETTA G. WHYTE
      CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDITH L. DECORTE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 03-1239 |
| EDDIE JORDAN, ET AL. | SECTION "K"(1) |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Stay Execution of Judgment Pending Disposition of Post-Judgment Motions in which defendant Eddie Jordan in his official capacity ("Jordan") seeks an order under Fed. r. Civ. P. 62(b) staying all proceedings for the execution or enforcement of this Court's final Judgment entered on May 31, 2005, pending the disposition of post-judgment motions under Fed. R. Civ. P. 50 and Fed. R. Civ. P. 59. Plaintiffs did not oppose that motion and as such, the Court did not address the merits thereof during the pendency of the post-trial motions.

However, as Jordan noted that he intended to seek a stay order pending appeal without bond and intended to move for such a stay order at an appropriate time, the Court will treat the subject motion as seeking that relief considering the parties have fully briefed the issue as to whether Jordan is entitled to a stay without the posting of a supersedeas bond.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No.____

This Court stated in *United States of Americas ex. rel. Garibaldi v. Orleans Parish Sch. Bd.*, 1999 WL 294798 (E.D.La. May 10, 1999):

> Rule 62(f) reads in relevant part as follows:
>
> A judgment debtor is entitled ... to a stay as would be available to the judgment debtor had the action been maintained in the courts of the state.
>
> Fed. R. Civ. Proc. 62(f).
>
> Accordingly, this court applies state law to determine whether a judgment debtor must post bond pending appeal. Under Louisiana law, public boards and commissions are not required to furnish a bond:
>
>> State, parish and municipal boards or commissions exercising public power and functions, sheriffs, sheriffs' departments, and law enforcement districts, and the Patients Compensation Fund, or any officer or employee thereof, shall not be required to furnish any appeal bond, or any other bond whatsoever in any judicial proceedings instituted by or brought against them, that arise from activities within the scope and course of their duties and employment.
>
> Louisiana Revised Statute 13:4581. *See Castillo v. Montelepre, Inc.*, 999 F.2d 931 (5th Cir.1993) (Patient's Compensation Fund entitled to stay of judgment without having to post supersedeas bond). The court finds that the school board is entitled to a stay of the execution of judgment of the money damages portion of the judgment without posting a supersedeas bond.

*Id.* at *1.

This reasoning has equal force in the case at bar. Jordan in his official capacity is the duly elected district attorney of Orleans Parish. As such La. Rev. Stat. 13:4581 applies to the judgment entered this day in this matter. Accordingly,

**IT IS ORDERED** that the Motion to Stay Execution of Judgment is **GRANTED** and Jordan shall not be required to post a supersedeas bond in the event he seeks an appeal of the judgment rendered this day in this matter.

Houma, Louisiana, this 30th day of September, 2005.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE