U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT -4  AM 10: 51

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDITH L. DECORTE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 03-1239 |
| EDDIE JORDAN, ET AL. | SECTION "K"(1) |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Partial New Trial and/or for Amendment of Judgment Pursuant to FRCP Rule 59 (Doc. No. 361). Plaintiffs Sharon H. David, Judith L. Decorte, Nita Frances Godwin, Trudy A. Guerrera, Linda Helmer, Barbara R. Hussey and Deborah R. Stansbury seek a new trial and/or amendment of the judgment rendered pursuant to Fed. R. Civ. P. 59 for the value of their respective lost pension benefits and, in the case of Ms. Stansbury, her DROP benefits. The Court finds no merit in this motion.

This motion is directed at the Court's ruling on the issue of front pay. The Court limited front pay to one year for some plaintiffs and two years for others. The Court did not award the loss of retirement benefits claimed by these specific seven plaintiffs who filed the instant motion. In order for these benefits to have vested, each of these plaintiffs would have had to work substantially beyond the maximum two-year front pay period determined by the Court. Clearly a

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

claim for expected future benefits is classified as front pay. *Sefford v. St. Tammany Parish Fire Protection District No. 1*, 2004 WL 119694 (E.D.La. May 26, 2004)(Vance, J.). Since the Court has limited front pay to two years based on the considerations set forth in its original order, it is the opinion of the Court that the retirement benefits sought here are unduly speculative. *See Burns v. Texas City Refining, Inc.*, 890 F.2d 747 (5th Cir. 1989).

Moreover, the Court notes that two of the plaintiffs, Trudy Guerrera and Linda Helmer, who have filed this motion, are not entitled to any damages based on the Court's granting of defendant's Rule 59 motion vacating any damage awards for those plaintiffs that the jury found would have been terminated regardless of their race which included these two persons. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Partial New Trial and/or for Amendment of Judgment Pursuant to FRCP Rule 59 (Doc. 361) is **DENIED**.

Houma, Louisiana, this 30th day of September, 2005.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE