UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JUDITH L. DECORTE, ET AL.**                                  **CIVIL ACTION**

**VERSUS**                                                          **NO. 03-1239**

**EDDIE JORDAN, ET AL.**                                    **SECTION "K"(1)**

## ORDER

Before the Court is Plaintiffs' Written Objections to the Report and Recommendation of the Magistrate Judge (Doc. No. 412) which was entered on November 14, 2005 recommending an award of $708,000.00 in attorneys' fees to the plaintiffs in this matter.  As this matter was referred to Magistrate Judge Sally Shushan for a Report and Recommendation pursuant to Fed. R. Civ. P. 54(D)(1)(d) and L.R. 54, the Court must conduct a *de novo* revue as set forth in Fed. R. Civ. P. 72(b) as to all specific written objections that have been made by plaintiffs.  Having done so, the Court accepts the Report and Recommendation and adopts it as its own for the reasons that follow.

Plaintiff objects to the Magistrate Judge's Report and Recommendation in three basic categories:

(1) the plaintiff objects to the hourly rates set by the Magistrate Judge as to each of the four primary attorneys working on the case;

(2) plaintiffs object to the reduction in those hours by varying percentages as to each of the four attorneys that worked on the case; and

(3) plaintiffs' object to the Mag. Judge not recommending that all four attorneys are entitled to an enhanced award of attorneys' fees.

Undoubtedly, this was a long and contentious case for all of the attorneys on both sides involving the practices of the District Attorney of New Orleans, Eddie Jordan. The 42 plaintiffs ultimately prevailed in most of their claims, and were awarded $2,484,625.67 by the jury against Mr. Jordan in his official capacity. As a result of post-trial motions, seven of the plaintiff were denied any recovery. Nonetheless, as the prevailing party in this Title VII case, plaintiffs sought $1,691,609.32 in attorneys' fees. The magistrate awarded plaintiffs a total of $ 708,000.00.

The Magistrate Judge performed a painstaking analysis of the bills presented. She found that some of the billing records of each attorney contained duplications and found that on occasion attorneys did not exercise billing judgment. The Court has conducted a *de novo* review of this matter and concurs with the Magistrate Judge's Report and Recommendation.

Although attorneys Clement Donelon ("Donelon") and Vaughan Cimini ("Cimini") received hourly rates of $250 and $185 respectively in a decision rendered by Judge Livaudais in *Bourdais v. City of New Orleans*, C. A. No. 99-1434. Donelon and Cimini received $185 and $150 per hour awarded by Judge Lividais in *Lala v. City of New Orleans*, 161 F. Supp.2d 686 (E.D.La. 2001). Moreover in *Mottin v. Lockheed Martin Corp*, 900 So.2d 901 (La. App. 4th Cir. 2005) *writ denied* 904 So.2d 704 (La. 2005), Judge Robin Giarrusso of the Civil District Court for the Parish of Orleans found that the proper hourly rate for Donelon was $200.00 per hour. Magistrate Judge Shushan recommended an $235.00 hourly rate for Donelon, a $165 hourly rate for Cimini, a $215

hourly rate for Lisa Brener ("Brener") and a $215 hourly rate for Richard Leefe ("Leefe"). The Court finds these fees are reasonable and are within the appropriate range. The Court also notes that the defendant is a public entity which is in notable financial straits which was taken into account by the Magistrate Judge in her Report and Recommendation.

The Court has reviewed the Magistrate Judge's meticulous review of the billing records and finds the reasoning to be sound and prudent with respect to the reduction in the number of hours billed by each attorney.

As to the third contention, plaintiffs seek an enhancement of the lodestar based on certain on the *Johnson* factors and the fact that there is an anticipated delay in payment of the final judgment. Again, the Court has reviewed the Magistrate Judge's analysis of the *Johnson* factors and concurs therewith. Moreover, as also noted by the Magistrate Judge, there was a known risk in delay of payment when plaintiffs' counsel chose to pursue this case. The entity is a public body without insurance for this type of claim, and, therefore, collection of any judgment was inherently problematic from the beginning. Thus, an enhancement is not warranted.

The Court does note that counsel for plaintiffs did an excellent and professional job in the handling of this multi-plaintiff case. In fact, counsel for defendant also did an outstanding job in representing their client. However, considering the totality of the circumstances a fee of $708,000.00 is reasonable and fair and meets the purpose of 242 U.S.C. § 1988.

Thus, having conducted a *de novo* review based on the objections lodged by plaintiff, the Court finds no merit therein and will adopt the Report and Recommendation for the reasons assigned herein. Accordingly,

**IT IS ORDERED** that the Plaintiffs' Written Objections to the Report and Recommendation of the Magistrate Judge (Doc. No. 412) are **OVERRULED**, and the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation which was entered on November 14, 2005 recommending an award of $708,000.00. in attorneys' fees to plaintiffs and ADOPTS it as its own for the reasons stated herein.

New Orleans, Louisiana, this  26th  day of January, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**